Ramos Buonomo, Jueza Ponente
*978 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Eduardo Tremols solicita la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 23 de junio de 1998, según enmendada el 9 de noviembre de 1998 mediante la cual declaró con lugar la demanda en cobro de dinero presentada por éste contra Calzadilla Construction, Corp. y el Sr. Guillermo Calzadilla (Calzadilla) y la reconvención instada por éste.
No obstante lo anterior, el Sr. Tremols nos indica en síntesis que el tribunal apelado cometió error al aplicar el derecho a los hechos, ya que resolvió que se constituyó entre las partes un depósito civil en vez de uno mercantil. Aduce, además, que el tribunal apelado cometió error al ordenarle entregar los bienes en su posesión a Calzadilla en las condiciones que se encontraban los mismos cuando se los entregaron y al no ordenar el pago de intereses, costas, y honorarios de abogado a su favor.
Examinados los escritos de las partes y el derecho aplicable este Tribunal modifica la sentencia apelada y así modificada la confirma.
Los hechos según expuesto en la sentencia que nos ocupa son de conocimiento de ambas partes y no están en controversia, por lo cual no procederemos a relatarlos.
I
Los argumentos del Sr. Tremols sobre la aplicación equivocada del derecho por el tribunal apelado en cuanto al almacenaje de los vehículos de Calzadilla en el local del Sr. Tremols no nos convence.
El tribunal apelado entendió, luego de escuchar el testimonio de ambas partes y por la credibilidad que le merecieron, que la entrega de los vehículos hecha por Calzadilla al Sr. Tremols para guardarlos en su establecimiento se hizo única y exclusivamente por razón de la amistad existente entre ambos en dicha fecha. Resolvió el Tribunal que se trató de un favor que por amistad le estaba haciendo el Sr. Tremols a Calzadilla y por tanto el depósito fue civil. Determinó el tribunal que el único acuerdo oneroso entre ambos, llevado a cabo algún tiempo después del depósito, fue la reparación de los vehículos según expuesto en la sentencia. El hecho de que ambos fuesen comerciantes al momento de la entrega de los bienes no es un hecho que de por sí convierta la entrega en un depósito mercantil.
Este Tribunal no tiene razón alguna para intervenir, ni el Sr. Tremols nos ha puesto en condiciones para así hacerlo, en cuanto a la anterior determinación por parte del tribunal apelado.
Es norma trillada que los tribunales apelativos no intervendrán con las determinaciones de hecho ni con la adjudicación de credibilidad que haya hecho el juzgador de hechos, excepto en casos en que éste haya incurrido en prejuicio o error manifiesto. Ello es particularmente cierto cuando están en cuestión elementos altamente subjetivos sobre cuál fue la intención de las partes al acordar la entrega de los bienes. Irene Flores Santiago v. Alberto Domínguez y su esposa María Rodríguez, _ D.P.R. _ (1998), 98 J.T.S. 96; López Vicil v. I.T.T. Intermedia, _ D.P.R. _ (1997), 97 J.T.S. 42.
Por estar esa parte de la sentencia esencialmente correcta no intervendremos con la misma.
*979 II
Costas y Honorarios de Abogado
La imposición de las costas es mandatoria contra la parte perdidosa. Blás Toledo v. Hospital Nuestra Señora de la Guadalupe y otros, _ D.P.R. _ (1998), 98 J.T.S 101. El cobro de dinero instado por el Sr. Tremols, si bien ftie resuelto a su favor, así mismo fue resuelta la reconvención a favor de Calzadilla Ambos prevalecieron en sus respectivas reclamaciones por lo cual procede concederle a ambos las costas y gastos de sus respectivas reclamaciones. Ello claro está siempre y cuando hayan presentado en el tribunal apelado un memorando de costas en el término jurisdiccional de diez (10) días desde el archivo en autos de copia de la notificación de la sentencia según dispone la Regla 44(a) y (b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44(a) y (b), término que es improrrogable. Granados v. Rodríguez Estrada V, 127 D.P.R. 1 (1990); Pereira v. I.B.E.C., 95 D.P.R. 28 (1967). Ello quiere decir que el tribunal apelado carece de autoridad legal para aprobar cualquier memorando de costas presentado tardíamente.
De otra parte la imposición de honorarios de abogado a una parte es discrecional del tribunal. Una vez éste determina que una parte fue temeraria es imperativa la imposición de honorarios a la parte. Regla 44 (d) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44(d); Blás Toledo v. Hospital Nuestra Señora de la Guadalupe y otros, supra. No obstante, en el caso que nos ocupa el tribunal apelado no hizo determinación de temeridad. Tampoco surge de los escritos que parte alguna haya procedido con temeridad según ésta ha sido definida por la jurisprudencia, Blas Toledo, supra. Por lo antes expuesto este Tribunal determina que el foro apelado no cometió error al abstenerse de imponer honorarios de abogado a Calzadilla.
Intereses Legales
De otra parte, tiene razón el Sr. Tremols en su reclamo de interés legal sobre la cuantía de la sentencia. La Regla 44.3(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.3(a), dispone lo siguiente:

"(a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que está en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, incluyendo costas y honorarios de abogado. El tipo de interés se hará constar en la sentencia.

La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

(b)...

"Cometió error el foro apelado al no disponer en su sentencia que Calzadilla deberá pagar interés legal al 9.50% sobre la cuantía de la sentencia, incluyendo las costas, de proceder éstas, a favor del Sr. Tremols desde el 9 de noviembre de 1998, fecha en que se dictó la misma hasta que ésta sea satisfecha". 

Entrega de los Bienes Depositados
Incidió además el Tribunal de Primera Instancia al disponer que el Sr. Tremols entregara a Calzadilla todos los vehículos, la máquina de soldar y el compresor de aire en las condiciones que se encontraban los mismos cuando se le entregaron hace cuatro años.
Primeramente por disposición del Art. 1492 del Código Civil, 31 L.P.R.A. see. 4133, el Sr. Tremols tiene derecho a retener en su poder los tres vehículos en los cuales llevó a cabo los trabajos de hojalatería y pintura hasta tanto Calzadilla le pague los $2,264.00 que determinó el tribunal.
*980 En American Sec. Ins. Co. v. Ocasio, 102 D.P.R. 166, (1974), el Tribunal Supremo expresó en qué consiste la obligación del depositario cuando se constituye un depósito civil. A esos efectos dispuso a la pág. 167:

"...Dispone el Código Civil en cuanto al contrato de depósito que "el depositario está obligado a guardar la cosa y restituirla, cuando le sea pedida, al depositante, o a sus causahabientes, o a la persona que haya sido designada en el contrato. Su responsabilidad, en cuanto a la guarda y a la pérdida de la cosa se regirá por lo dispuesto en la Parte I de este subtítulo." (Art. 1666.) Y en la Parte I del Subtítulo 4, establece el Art. 1047 que "[e]l obligado a dar alguna cosa lo está también a conservarla con la diligencia de un buen padre de familia." Se repite este mismo concepto en el Art. 1057 al disponer: "La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exija la naturaleza de la obligación y corresponda a las circunstancias de las personas, del tiempo y del lugar. Cuando la obligación no exprese la diligencia que ha de prestarse en su cumplimiento, se exigirá la que correspondería a un buen padre de familia." También es pertinente a la cuestión que consideramos, lo expuesto en el Art. 1137 al efecto de que "siempre que la cosa se hubiese perdido en poder del deudor, se presumirá que la pérdida ocurrió por su culpa, y no por caso fortuito salvo prueba en contrario."

A la pág 170 indica:

"[1 ] Así vemos que el Código al emplear el concepto 'diligencia de un buen padre de familia' tuvo el propósito de dejar a los tribunales que en cada caso particular determinen cuál es la diligencia procedente, que generalmente debe ser la que hubiera tomado el "tipo medio o normal de persona diligente."

En la sentencia apelada a la pág. 7 el Tribunal resolvió:

"En la vista en su fondo no se presentó prueba alguna sobre posibles gastos en que haya, incurrido el demandante al almacenar y conservar los bienes del demandado. La parte demandada tampoco presentó evidencia sobre posibles daños en sus bienes mientras estuvieron almacenados en la propiedad del demandante. Inclusive la parte demandada declaró que desconoce en qué condiciones están los mismos, pues no los ha visto en cuatro años."

En la reconvención presentada por Calzadilla, éstos, solicitaron la entrega de todos los bienes muebles depositados con el Sr. Tremols e indemnización por los daños que le hubiese causado^ No obstante, de la sentencia dictada por el tribunal surge claramente que Calzadilla no probó los daños alegados y, por el contrario, aceptó en la vista celebrada que desconoce las condiciones en que están los bienes, ya que ni siquiera los ha visto en cuatro años.
Atendido lo anterior procede la entrega de los bienes a Calzadilla en las condiciones que estén actualmente, con derecho a retener el Sr. Tremols los tres vehículos reparados hasta que Calzadilla le pague los $2,264.00.
Por todo lo antes expuesto se modifica la sentencia apelada a los efectos de conceder al Sr. Tremols intereses al 9.50% sobre la cantidad de $2,264.00 incluyendo las costas de proceder éstas desde el 9 de noviembre de 1998, fecha en que se dictó la sentencia, hasta que ésta sea satisfecha. De otra parte, se ordena al Sr. Tremols entregar los bienes en su posesión a Calzadilla inmediatamente, reteniendo los tres vehículos reparados hasta que Calzadilla satisfaga la sentencia. De otra parte el tribunal apelado deberá dilucidar lo pertinente a las costas de las partes de acuerdo a la Regla 44.1 de Procedimiento Civil, supra, y de esa manera modificada, se confirma la sentencia dictada por el tribunal el 9 de noviembre de 1998.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General